1809.

Tomlinson
vs
Rizer

awarding the writ of *habere facias seisinam* was erroneous. No judgment for damages and costs could be entered after the term at which the judgment for dower was rendered. The form of the writ of seizin was erroneous. It should go to the sheriff only, and he is to be aided by no person unless it is necessary to lay out the land, when he can call on the surveyor of the county to run it out. Precedents of writs of *habere facias seisinam* may be found in *Clift's Ent.* 298. *Rast. Ent.* 235. 1 *Rich. C. P.* 296; and 2 *Harr. Ent.* 697. The proper return by the sheriff should be, "I have delivered seizin by metes and bounds," &c. *Rast. Ent.* 335. The form of the writ used in the case before the court, is that of a writ of partition, and not of *habere facias seisinam.* The judgment in partition is interlocutory, but in dower it is final. Here the judgment being by confession, there could be no damages and costs even if the application had been made therefor at the proper term.

*Shaaff* and *Taney*, for the Appellees.

THE COURT considered that the judgment of the county court, as to the damages and costs recovered, was erroneous.

JUDGMENT REVERSED.

---

JUNE.

In trespass *Q. C. F.* the defendant took defence for, and located on the plots, a tract of land called *G C,* which included the tract called *T N,* on which the trespass was alleged to have been committed, and which last tract the plaintiff located on the plots; and he also located lot No. 3351; but he did not counter locate the location made by the defendant. The defendant read in evidence the grant of *G C,* which called to

TOMLINSON vs. RIZER.

ERROR to *Allegany* County Court. An action of trespass *quare clausum fregit*, was brought by the defendant in error, against the plaintiff in error, for breaking and entering the close of the defendant in error, called *Trouble for Nothing*, lying in *Allegany* county. The defendant in the court below pleaded, 1, *Not Guilty*, and 2. *Justification* on that *locus in quo* was a close of land called *Grate's Sugar Camp*, and the *freehold* of *John Hains*, and that the defendant, as his servant, and by his *license*, entered, &c. general *replication*, and issues were joined. There were other replications to the last plea, which were dumurred to, but as they were not noticed by the court, they are begin at the end of the second line of lot No. 3351.—*Held*, that it was not necessary for him to produce the grant of lot No. 3351, to prove the location of that lot, and the beginning of *G C*.

The court refused to direct the jury in an action of trespass *Q' C. F.* that it was incumbent on the plaintiff, in order to support his action, to prove a title to the land, on which the trespass was alleged to be committed, or to prove an actual possession by enclosures, located on the plots,

omitted. A warrant of resurvey issued, and the lands called *Trouble for Nothing* and *Grate's Sugar Camp*, and the place where the trespass was alleged to have been committed, as also lots No. 8350 and No. 8351, were located on the plots returned. The defendant took defence for *Grate's Sugar Camp*, as including *Trouble for Nothing*, to which there was no counterlocation made on the plots.

1. At the trial the defendant read in evidence a grant of the land called *Grate's Sugar Camp*, to *John Hains*, on the 1st of March 1802, "beginning at the end of the second line of lot No. 8851, and running thence N 27 E 46 perches, S 26 W 90 perches, S 62 W 50 perches, thence by a straight line to the beginning," &c. The plaintiff then prayed the opinion of the court, and their direction to the jury, that it is incumbent upon the defendant to produce patents of lots No. 8350 and 8351, to prove the beginning and location of *Grate's Sugar Camp* to be correct; to which direction and opinion being given, the defendant objected, and prayed the court to direct the jury, that as the plaintiff has located the lots No. 8350 and 8351, and *Grate's Sugar Camp*, upon the plots, including the place where the trespass is located as committed, it is not necessary for the defendant to produce patents for lots No. 8350 and 8351, to prove the location of those lots, and the beginning of *Grate's Sugar Camp*. But the county court, [*Clagett* Ch. J.] refused to give the direction prayed by the defendant; and gave the direction prayed by the plaintiff. The defendant excepted.

2. The defendant then prayed the opinion of the court, and their direction to the jury, that it is incumbent on the plaintiff, in order to support his action, to prove a title to *Trouble for Nothing*, or to prove an actual possession by inclosures located upon the plots. Which opinion and direction the court refused to give. The defendant excepted. Verdict and judgment for the plaintiff, and the defendant brought a writ of error to this court.

The cause was argued at the last June term before POLK, BUCHANAN, NICHOLSON, and GANTT, J.

*Johnson*, (Attorney General) and *Perry*, for the Plaintiff in error, cited *Dockery vs Maynard*, 1 *Harr. & M'Hen.* 209. *Jarrett vs West*, 1 *Harr. & Johns.* 501.

*T. Buchanan* argued for the Defendant in error.

*Curia adv. vult.*

1809.

Tomlinson
v.
Riser

1809.

Hammond
vs
Sappington

The Court, at this term, disagreed with the court below in the opinion expressed in the *first* bill of exceptions, but concurred with them in that expressed in the *second* bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

JUNE.

## HAMMOND vs SAPPINGTON.

N B for valuable consideration, connected with, and conveyed to J S, by metes and bounds, 800 acres, part of a tract of land "situate, lying and being, in the state of *Kentucky*, in the county of *Bourbon*, and on the main branch of *Licking*." A grant of the land described it as "lying and being in the county of *Bourbon*, on the main branch of *Licking*, in the state of *Virginia*." After the grantor he land, a new tate, by the name of *Kentucky*, was formed from *Virginia*, and the county of *Bourbon* became a part of *Kentucky*, which county was afterwards divided and two new counties erected, called *Clarke* and *Mason* counties, and the land now lies in these two counties. J S filed his in chancery to the contract and, and the consideration mo repaid to him. Decreed, that the bill be dismissed.

APPEAL from the Court of Chancery. The bill of the complainant, (now appellee,) filed on the 3d of September 1802, stated, that in the year 1796 he purchased of the defendant, (now appellant,) a *mill-seat*, in *Anne-Arundel* county, at and for £160 money paid down at the time, and obtained possession; and not doubting but that a clear title could be given to him by the defendant, he improved the property, and expended in improvements £120. That finding afterwards that the defendant had no right to the land, he applied to him to repay the money expended, and to refund that which he had received; which the defendant refused to do; but again practising another deception and imposition, he agreed to sell and convey to the complainant, in consideration of the premises, and the money paid and expended for and on the *mill-seat*, 800 acres of land situate in *Bourbon* county, in the state of *Kentucky*, and accordingly executed a deed therefor, dated the 10th of February 1796, in which the land is described "as all that part of a tract or parcel of land, contained within the metes and bounds of a tract of land, containing in the whole 6134 acres, beginning for the said part at the beginning trees of the whole tract, and running" &c. describing the part by metes and bounds, "situate, lying and being, in the state of *Kentucky*, in the county of *Bourbon*, and on the main branch of *Licking*, containing 800 acres," &c. That the complainant made preparation, and did remove to the state of *Kentucky*, and went in search of the land in *Bourbon* county, and according to the description contained in the deed, but to his great surprise no such land was there to be found, to which the complainant had any kind of claim or title; that he caused the records to be examined, and the result was, that the complainant owned no land in that